# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PATENT ARMORY INC.,** | **PATENT CASE** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | **Civil Action No:** 1:23-cv-04377-RMB-EAP |
| **RENT-A-WRECK OF AMERICA INC.,** | |
| Defendant. | |

### DEFENDANT RENT-A-WRECK OF AMERICA INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PATENT ARMORY INC.'S COMPLAINT

1. Defendant Rent-A-Wreck of America Inc. files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Patent Armory Inc.'s Complaint for Patent Infringement. Rent-A-Wreck denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

#### PARTIES

2. Rent-A-Wreck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. Rent-A-Wreck is a corporation organized and existing under the laws of Delaware. Rent-A-Wreck denies the remaining allegations of Paragraph 3 of the Complaint.

---

[1] For avoidance of doubt, Rent-A-Wreck denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

## JURISDICTION

4. Rent-A-Wreck admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

5. Rent-A-Wreck admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Rent-A-Wreck does not contest whether personal jurisdiction over it properly lies in this District in this case. Rent-A-Wreck denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## VENUE

7. Rent-A-Wreck does not contest whether venue is proper in this District in this case. Rent-A-Wreck denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## PATENTS-IN-SUIT

8. Rent-A-Wreck is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies all such allegations.

### THE '420 PATENT

9. Rent-A-Wreck admits that the purported copy of U.S. Patent No. 10,237,420 (the "'420 Patent") attached to the Complaint as Exhibit 1 indicates it was filed on December 28, 2017, issued on March 19, 2019, and is entitled "Method and system for matching entities in an auction."

### THE '748 PATENT

10. Rent-A-Wreck admits that that the purported copy of U.S. Patent No. 10,491,748 (the "'748 Patent") attached to the Complaint as Exhibit 2 indicates it was filed on October 30,

2017, issued on November 26, 2019, and is entitled "Intelligent communication routing system and method."

### THE '979 PATENT

11. Rent-A-Wreck admits that that the purported copy of U.S. Patent No. 7,023,979 (the "'979 Patent") attached to the Complaint as Exhibit 3 indicates it was filed on March 7, 2003, issued on April 4, 2006, and is entitled "Telephony control system with intelligent call routing."

### THE '253 PATENT

12. Rent-A-Wreck admits that that the purported copy of U.S. Patent No. 7,269,253 (the "'253 Patent") attached to the Complaint as Exhibit 4 indicates it was filed on March 23, 2006, issued on September 11, 2007, and is entitled "Telephony control system with intelligent call routing."

### THE '086 PATENT

13. Rent-A-Wreck admits that that the purported copy of U.S. Patent No. 9,456,086 (the "'086 Patent") attached to the Complaint as Exhibit 5 indicates it was filed on March 8, 2010, issued on September 27, 2016, and is entitled "Method and system for matching entities in an auction."

### COUNT 1: [ALLEGED] INFRINGEMENT OF THE '420 PATENT

14. Rent-A-Wreck incorporates by reference each of its responses set forth in Paragraphs 1-13 above as if fully set forth herein.

15. Rent-A-Wreck denies the allegations in Paragraph 15 of the Complaint.

16. Rent-A-Wreck denies the allegations in Paragraph 16 of the Complaint.

17. Rent-A-Wreck denies the allegations in Paragraph 17 of the Complaint.

18. Rent-A-Wreck denies the allegations in Paragraph 18 of the Complaint.

19. Rent-A-Wreck denies the allegations in Paragraph 19 of the Complaint.

## COUNT 2: [ALLEGED] INFRINGEMENT OF THE '748 PATENT

20. Rent-A-Wreck incorporates by reference each of its responses set forth in Paragraphs 1-19 above as if fully set forth herein.

21. Rent-A-Wreck denies the allegations in Paragraph 21 of the Complaint.

22. Rent-A-Wreck denies the allegations in Paragraph 22 of the Complaint.

23. Rent-A-Wreck denies the allegations in Paragraph 23 of the Complaint.

24. Rent-A-Wreck denies the allegations in Paragraph 24 of the Complaint.

25. Rent-A-Wreck denies the allegations in Paragraph 25 of the Complaint.

26. Rent-A-Wreck denies the allegations in Paragraph 26 of the Complaint.

27. Rent-A-Wreck denies the allegations in Paragraph 27 of the Complaint.

28. Rent-A-Wreck denies the allegations in Paragraph 28 of the Complaint.

## COUNT 3: [ALLEGED] INFRINGEMENT OF THE '979 PATENT

29. Rent-A-Wreck incorporates by reference each of its responses set forth in Paragraphs 1-28 above as if fully set forth herein.

30. Rent-A-Wreck denies the allegations in Paragraph 30 of the Complaint.

31. Rent-A-Wreck denies the allegations in Paragraph 31 of the Complaint.

32. Rent-A-Wreck denies the allegations in Paragraph 32 of the Complaint.

33. Rent-A-Wreck denies the allegations in Paragraph 33 of the Complaint.

34. Rent-A-Wreck denies the allegations in Paragraph 34 of the Complaint.

35. Rent-A-Wreck denies the allegations in Paragraph 35 of the Complaint.

36. Rent-A-Wreck denies the allegations in Paragraph 36 of the Complaint.

37. Rent-A-Wreck denies the allegations in Paragraph 37 of the Complaint.

### COUNT 4: [ALLEGED] INFRINGEMENT OF THE '253 PATENT

38. Rent-A-Wreck incorporates by reference each of its responses set forth in Paragraphs 1-37 above as if fully set forth herein.

39. Rent-A-Wreck denies the allegations in Paragraph 39 of the Complaint.

40. Rent-A-Wreck denies the allegations in Paragraph 40 of the Complaint.

41. Rent-A-Wreck denies the allegations in Paragraph 41 of the Complaint.

42. Rent-A-Wreck denies the allegations in Paragraph 42 of the Complaint.

43. Rent-A-Wreck denies the allegations in Paragraph 43 of the Complaint.

### COUNT 5: [ALLEGED] INFRINGEMENT OF THE '086 PATENT

44. Rent-A-Wreck incorporates by reference each of its responses set forth in Paragraphs 1-43 above as if fully set forth herein.

45. Rent-A-Wreck denies the allegations in Paragraph 45 of the Complaint.

46. Rent-A-Wreck denies the allegations in Paragraph 46 of the Complaint.

47. Rent-A-Wreck denies the allegations in Paragraph 47 of the Complaint.

48. Rent-A-Wreck denies the allegations in Paragraph 48 of the Complaint.

49. Rent-A-Wreck denies the allegations in Paragraph 49 of the Complaint.

50. Rent-A-Wreck denies the allegations in Paragraph 50 of the Complaint.

51. Rent-A-Wreck denies the allegations in Paragraph 51 of the Complaint.

52. Rent-A-Wreck denies the allegations in Paragraph 52 of the Complaint.

### [PLAINTIFF'S] JURY DEMAND

53. Rent-A-Wreck is not required to provide a response to Plaintiff's request for trial by jury.

**[PLAINTIFF'S] PRAYER FOR RELIEF**

Rent-A-Wreck denies the Plaintiff is entitled to any relief from Rent-A-Wreck and denies all the allegations contained in Paragraphs A-N of Plaintiff's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Rent-A-Wreck's Affirmative Defenses are listed below. Rent-A-Wreck reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

**FIRST AFFIRMATIVE DEFENSE**

Rent-A-Wreck has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the U.S. Patent Nos. 10,237,420, 10,491,748, 7,023,979, 7,269,253, and 9,456,086 (collectively, "the Patents-in-Suit").

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and any predecessors in interest to the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Rent-A-Wreck's actions allegedly infringe the Patents-in-Suit, Rent-A-Wreck is not liable to Plaintiff for the acts alleged to have been performed before Rent-A-Wreck received actual notice that it was allegedly infringing the Patents-in-Suit.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Rent-A-Wreck indirectly infringes, either by

contributory infringement or inducement of infringement, Rent-A-Wreck is not liable to Plaintiff for the acts alleged to have been performed before Rent-A-Wreck knew that its actions would allegedly cause indirect infringement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Patents-in-Suit against Rent-A-Wreck is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The claims of the Patents-in-Suit are not entitled to a scope sufficient to encompass any system employed or process practiced by Rent-A-Wreck.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Patents-in-Suit do not claim patent eligible subject matter under 35 U.S.C. § 101.

## RENT-A-WRECK'S COUNTERCLAIMS

For its counterclaims against Plaintiff Patent Armory Inc., Counterclaim Plaintiff Rent-A-Wreck of America Inc. alleges as follows:

### PARTIES

1. Counterclaim Plaintiff Rent-A-Wreck of America Inc. is a corporation organized and existing under the laws of Delaware and maintains a Franchise Service Center at 13900 Laurel Lakes Avenue, Suite 100, Laurel, Maryland 20707.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Patent Armory, is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 400-1565 Carling Ave., Ottawa, Ontario, Canada K1Z 8R1.

### JURISDICTION

3. Rent-A-Wreck incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Patent Armory has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Patent Armory's filing of this action, venue is proper for purposes of these counterclaims, in this District pursuant at least 28 U.S.C. § 1391.

### COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

7. Rent-A-Wreck incorporates by reference Paragraphs 1–6 above.

8. Based on Patent Armory's filing of this action and at least Rent-A-Wreck's first

8

affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Rent-A-Wreck infringes U.S. Patent Nos. 10,237,420, 10,491,748, 7,023,979, 7,269,253, and 9,456,086 (collectively, the "Patents-in-Suit").

9. Rent-A-Wreck does not infringe at least claim 20 of the '420 Patent because, *inter alia*, the accused system does not "estimat[e] at least one content-specific or requestor-specific characteristic associated with a request," "determin[e] a set of available partners, each having at least one respective partner characteristic," "evaluat[e], with at least one automated processor, a plurality of pairings of the request with a plurality of different available partners, according to an evaluator for valuing pairings of the request with respective available partners, comprising at least one of a probabilistic function, a hierarchical Markov model, Bayesian logic, and a neural network, dependent on the at least one content-specific or requestor-specific characteristic, and the at least one respective partner characteristic," and/or "generat[e] a control signal, by the at least one automated processor, selectively dependent on the evaluating."

10. Rent-A-Wreck does not infringe at least claim 11 of the '748 Patent because, *inter alia*, the accused system does not "receiv[e] a plurality of respective communications for association with a respective resource selected from a plurality of resources," "identify[] a plurality of resources available for association with a respective communication and capable of handling the respective communication, each available resource having a limited quantitative capacity for association with multiple communications and an availability state," "calculate[e] a respective score associated with each available resource dependent on the availability state of a respective available resource," "estimat[e] an expected economic value to be obtained by associating each respective communication with each respective available resource, dependent on at least the score and a respective communication-content dependent value function of an outcome of a respective

communication associated with a respective available resource," and/or "assign[] each of the plurality of respective communications to one of the plurality of resources based on at least the estimated expected economic value to be obtained by associating each respective communication with each respective resource."

11. Rent-A-Wreck does not infringe at least claim 10 of the '979 Patent because, *inter alia*, the accused system does not comprise "an input for receiving call classification information," "a data structure representing agent characteristics," and/or "a processor, for (a) determining, with respect to the received call classification information, an optimum agent for association with a call corresponding to call classification information, based on a multivariate cost function comparing at least three agents, the selection being based on at least a correspondence of said call classification and said data structure of agent characteristics, and (b) controlling a call routing of the call in dependence on the determination, said determining and routing functions of said processor being performed within the common operating environment."

12. Rent-A-Wreck does not infringe at least claim 10 of the '253 Patent because, *inter alia*, the accused system does not "receiv[e] a plurality of communications, each having associated classification information," "stor[e] information representing characteristics of at least three potential targets," and/or "determining, in a combinatorial optimization, an optimum target for each communication based on the communication classification, and target characteristics."

13. Rent-A-Wreck does not infringe at least claim 11 of the '086 Patent because, *inter alia*, the accused system does not "stor[e] a plurality of multivalued scalar data representing inferential targeting parameters for the first entity," "stor[e] a plurality of multivalued scalar data of each of the plurality of second entities, representing inferential targeting parameters for a plurality of second entities," "perform[] using an automated processor, based on at least the stored

plurality of multivalue scalar data, an economic optimization seeking to maximize a normalized economic surplus of a respective mutually exclusive match of the first entity with the second entity, in conjunction with an opportunity cost of the unavailability of the second entity as a result of the match," and/or "output[] a signal in dependence on the optimization."

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Rent-A-Wreck requests a declaration by the Court that Rent-A-Wreck has not infringed and does not infringe any claim of the Patents-in-Suit under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

### DECLARATION REGARDING INVALIDITY

15. Rent-A-Wreck incorporates by reference Paragraphs 1–12 above.

16. Based on Patent Armory's filing of this action and at least Rent-A-Wreck's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patents-in-Suit.

17. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Rent-A-Wreck requests a declaration by the Court that the claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### PRAYER FOR RELIEF

WHEREFORE, Rent-A-Wreck asks this Court to enter judgment in Rent-A-Wreck's favor and against Patent Armory by granting the following relief:

a) a declaration that the Patents-in-Suit are invalid;

b) a declaration that Rent-A-Wreck does not infringe, under any theory, any valid

claim of the Patents-in-Suit that may be enforceable;

      c)      a declaration that Patent Armory take nothing by its Complaint;

      d)      judgment against Patent Armory and in favor of Rent-A-Wreck;

      e)      dismissal of the Complaint with prejudice;

      f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Rent-A-Wreck of its costs and attorneys' fees incurred in this action; and

      g)      further relief as the Court may deem just and proper.

## JURY DEMAND

Rent-A-Wreck hereby demands trial by jury on all issues.

Dated: October 12, 2023

Respectfully submitted,

By: */s/ Warren K. Mabey, Jr.*
Warren K. Mabey, Jr. (#014592010)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
mabey@fr.com

Neil J. McNabnay (*pro hac vice* forthcoming)
Lance E. Wyatt (*pro hac vice* forthcoming)
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)
mcnabnay@fr.com
wyatt@fr.com

**COUNSEL FOR DEFENDANT
RENT-A-WRECK OF AMERICA INC.**

**CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record were electronically served with a copy of the foregoing on October 12, 2023, via the Court's CM/ECF system.

                        */s/ Warren K. Mabrey, Jr.*
                        Warren K. Mabey, Jr.